# EXHIBIT 1

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DURAY INSURANCE AND FINANCIAL SERVICES, INC.; a corporation; TIME DURAY, an individual; Does 1 through 100 Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TESSA CHANDLER, an individual

ELECTRONICALLY
**FILED**
SUPERIOR COURT OF CALIFORNIA
1/18/2023 7:54 PM

County of Tehama
Kevin Harrigan, Clerk of the Court
By Gregoria Guardado , Deputy
EFILED

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte y el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Tehama Superior Court<br>1740 Walnut Street<br>Red Bluff, CA  96080 | CASE NUMBER:<br>*(Número del Caso):*<br>23CI-000013 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian I. Vogel, VOGEL LAW, APC, 572 E. Green Street, Suite 305, Pasadena, CA  91101; (626) 796-7470

DATE: 1/17/2023 1/18/2023 7:54 PM      Clerk, by Kevin Harrigan Clerk of the Court Gregoria Guardado, Deputy
*(Fecha)*                                         *(Secretario)*                                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Brian I. Vogel, Esq. SBN 130100<br>VOGEL LAW, APC, 572 E. Green St, Suite 305, Pasadena, CA 91101<br>TELEPHONE NO.: (626)796-7470 FAX NO. (Optional):<br>E-MAIL ADDRESS: vogellawfirm@gmail.com<br>ATTORNEY FOR (Name): Plaintiff. Tessa Chandler | **ELECTRONICALLY**<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>1/18/2023 7:54 PM<br><br>County of Tehama<br>Kevin Harrigan, Clerk of the Court<br>By Gregoria Guardado , Deputy<br>EFILED |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Tehama**
STREET ADDRESS: 1740 Walnut Street
MAILING ADDRESS: 1740 Walnut Street Red Bluff. CA 96080
CITY AND ZIP CODE: Red Bluff 96080
BRANCH NAME: Civil and Family Law Division

CASE NAME:
Chandler v. Duray

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: | 23CI-000013 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action (specify): 8
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/18/2023

Brian I. Vogel
(TYPE OR PRINT NAME) ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |

1  Brian I. Vogel, Esq.,/SBN: 130113
   VOGEL LAW, APC
2  572 E. Green Street, Suite 305
   Pasadena, California 91101
3  (626) 796-7470

4  Attorneys for PLAINTIFF, TESSA CHANDLER

ELECTRONICALLY
**FILED**
SUPERIOR COURT OF CALIFORNIA
1/18/2023 7:54 PM

County of Tehama
Kevin Harrigan, Clerk of the Court
By Gregoria Guardado , Deputy
EFILED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF TEHAMA

|  |  |
|---|---|
| TESSA CHANDLER, an individual | Case No.: 23CI-000013 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES FOR:** |
| DURAY INSURANCE AND FINANCIAL SERVICES, INC.; a corporation; TIME DURAY, an individual; Does 1 through 100 Inclusive | 1. **Constructive Discharge in Violation of Public Policy** |
| Defendants. | 2. **Sexual Harassment in Violation of Govt Code §12940** |

1. **Constructive Discharge in Violation of Public Policy**
2. **Sexual Harassment in Violation of Govt Code §12940**
3. **Discrimination Based on Gender and Hostile Work Environment in Violation of FEHA (Govt Code §12940)**
4. **Harassment Based on Gender and Hostile Work Environment in Violation of FEHA (Govt Code §12940(j))**
5. **Failure to Prevent Discrimination and Harassment (Govt. Code §12940(k))**
6. **Violation of Labor Code §1102.5**
7. **Violation of Unfair Business Practices (B & P §17200, et seq.)**
8. **Intentional Infliction of Emotional Distress**

**DEMAND FOR JURY TRIAL**

PLAINTIFF TESSA CHANDLER complains and alleges against Defendants DURAY INSURANCE AND FINANCIAL SERVICES INC., a corporation and TIM DURAY, an individual as follows:

### PARTIES

1

COMPLAINT FOR DAMAGES

1. PLAINTIFF, TESSA CHANDLER ("PLAINTIFF"), is, and was at all times herein mentioned, an adult female residing in the County of Butte, State of California.

2. PLAINTIFF is informed and believes and thereon alleges that Defendant DURAY INSURANCE AND FINANCIAL SERVICES INC. ("DEFENDANT EMPLOYER") and at all times herein mentioned was, a corporation headquartered in Manassas, State of Virginia and doing business in the State of California.

3. PLAINTIFF is informed and believes and thereon alleges that Defendant TIM DURAY ("DEFENDANT DURAY") and at all times herein mentioned, is an adult male over the age of eighteen and a resident of the County of Manassas, State of Virginia.

4. PLAINTIFF is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these defendants by these fictitious names. PLAINTIFF will amend this complaint to allege the true names and capacities of these defendants DOES 1 through 25 when such information is ascertained. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF's damages as herein alleged were proximately caused by their conduct.

5. PLAINTIFF knows the identities of DOES 26 through 50, inclusive, believes they have damaged him, but is unaware of their capacity, whether individual, corporate, or associate, or conduct as described in this complaint. Because PLAINTIFF is ignorant of their capacity or conduct, he sues them fictitiously. PLAINTIFF will amend this complaint when he has knowledge of facts indicating the true nature of the capacity or conduct of these fictitiously named defendants with regard to the events described in this complaint.

6. PLAINTIFF is informed and believes and thereon alleges that, at all relevant times, each of the defendants, whether named or fictitious, was the agent or employee of each of the

2

other defendants, and in doing the things alleged to have been done in this complaint, acted

within and outside of the course, scope, or under the authority of his or her agency, employment,

or representative capacity of, or with consent or ratification by, the other co-defendants, and each

of them.

7. PLAINTIFF is informed and believes and thereon alleges that DEFENDANT

EMPLOYER's managing agents, officers, supervisors, or directors aided, abetted, condoned,

permitted, approved, authorized, or ratified the unlawful acts described herein.  Said conduct by

DEFENDANT EMPLOYER managing agents, officers, supervisors, or directors was done with

malice, oppression, or fraud entitling PLAINTIFF to exemplary and punitive damages.

## FACTUAL ALLEGATIONS

8. PLAINTIFF was formerly employed by DEFENDANT EMPLOYER as an agent/team

member at the rate of $18 per hour from on or about mid-March, 2022 through on or about April

25, 2022 when PLAINTIFF was constructively discharged.

9. On or about mid-March, 2022, PLAINTIFF accepted a remote position with

DEFENDANT EMPLOYER. PLAINTIFF had been seeking a remote position which would

allow PLAINTIFF to care for her mother who was no longer able to live independently and was

planning to move in with PLAINTIFF.

10. As a result, PLAINTIFF left her employment with the State Farm insurance office that

she had been working at to accept the remote position with DEFENDANT EMPLOYER.

11. PLAINTIFF first met TIM DURAY ("DEFENDANT DURAY") in San Francisco

during a computer pick up and 2-day training.

12. During the training, DURAY exhibited bizarre behavior which displayed a remarkable

lack of self-control as DURAY freely used profanity and made repeated sexual references which

created a hostile work environment.

3

13. During PLAINTIFF's initial interaction with her boss, DURAY asked PLAINTIFF to give an example of PLAINTIFF's "sales pitch."

14. PLAINTIFF proceeded with her sales pitch as follows: "Hello. My name is Tessa I am calling from State Farm…I see here that you have been shopping online for insurance, tell me what are you driving?

15. DURAY interrupted PLAINTIFF by shouting: "STOP! STOP! STOP!" See what went wrong? Have you ever watched Monty Python; the one where they were doing sex education in a large classroom. Well, in the center of the class they walked in two naked people and had the class raise their hands and instruct the couple what do. The first boy raises his hand and says to the teacher: The first thing you do is stimulate the clitoris! The teacher replies: Oh! Jump straight to the clitoris will ya, no that is not the way!"

16. PLAINTIFF's shock at DURAY's conduct prevented PLAINTIFF from being able to recollect the remainder of DURAY's "advice."

17. DURAY concluded the role play sales pitch session by reiterating the takeaway lesson to PLAINTIFF.

18. DURAY repeated "Tessa, you cannot jump straight to the clitoris. That is not how you are successful. I mean I feel bad for Vickie if that's how ya know."

19. The training session continued the rest of the day and another training the following day. Throughout the remainder of the training DURAY repeatedly used extremely offensive language including "fuck, fucked in the ass, bitch slap or dumb shit."

20. Although PLAINTIFF was disgusted/horrified by DURAY's behavior, since PLAINTIFF was in midst of petitioning for conservatorship over PLAINTIFF's mother, moving PLAINTIFF's mother in with PLAINTIFF in 4 days and PLAINTIFF could simply not afford to remain unemployed during this difficult transitional period. Therefore, PLAINTIFF remained at

4

the job for the time being.

21. At that point, PLAINTIFF was committed to trying to endure DURAY's behavior for the sake of PLAINTIFF's family and immediate priorities.

22. During the next few days, PLAINTIFF attended training sessions that took place over Skype – for- business through state Farm computer systems.

23.  When DURAY provided the training on leads and how to approach them, the story told to inspire patience and planning out objectives before attempting contact went as follows:

> "On top of a hill stood two bulls and all below were a group of cows. On the hill was the daddy bull and a younger son bull. The son says to the big dad bull "Dad, lets run down the hill and fuck one of those cows!" The dad bull replies "Son, lets WALK down there and fuck all of them."

24. PLAINTIFF was absolutely offended by DURAY's shockingly crude and graphic "story."

25. DURAY did not relent and continued to relate to PLAINTIFF in a crude and sexually offensive manner throughout the duration of her employment.

26. PLAINTIFF was so disgusted and offended by DURAY's conduct that PLAINTIFF was determined to leave the job and never work for State Farm again.

27. On or about March 2022, PLAINTIFF participated in the next training call designed on how to create quotes that were lower than the competition. DURAY had PLAINTIFF mockup an application using an address provided. After DURAY told PLAINTIFF, "You fucked this up, you fucked this up so much. Don't worry we can fix it" DURAY and PLAINTIFF opened the application that PLAINTIFF had created.

28. During the mock application, DURAY instructed PLAINTIFF to misrepresent that the particular home did not have a fireplace. PLAINTIFF told DURAY that ether was a masonry fireplace. DURAY told PLAINTIFF "No. We put no, because underwriting will want photos and I am not going out there to take pictures. So, it is a No."

5

29. DURAY told PLAINTIFF that she should state that the residence did not have a sprinkler system because "Even if there is a sprinkler system- always put no because we don't want the water damage liability."

30. When PLAINTIFF correctly informed DURAY that there was not a responding fire department within 10 miles of the home, DURAY changed PLAINTIFF's response to indicate that there was a responding fire department within 10 miles of the home.

31. PLAINTIFF, who had experience having previously worked for State Farm was well aware that a volunteer fire department would not qualify as a responding full time fire department.

32. PLAINTIFF complained to DURAY that a volunteer fire department would not qualify as a responding fire department and explained PLAINTIFF's knowledge of the law and PLAINTIFF's rationale.

33. DURAY became irate, interrupted PLAINTIFF, yelling, "STOP! STOP! STOP! This is not up for negotiation why are you arguing with me? This is a NO every time!!"

34. PLAINTIFF was in great distress due to DURAY's attempt at rate manipulation.

35. DURAY instructed PLAINTIFF when dealing with a single line auto customer who had a house to give the customer the Homeowners discount.

36. DURAY explained to PLAINTIFF that the customer would then have 6 months to obtain a homeowners policy with DEFENDANT EMPLOYER or experience a 15% rate hike.

37. PLAINTIFF knew that DURAY's scheme was contrary to State Farm's principals and way of doing business. Ordinarily, the customer would not qualify for the discount until a homeowner's application was bound and paid and only then will the customer receive a discount.

38. PLAINTIFF was afraid that she could jeopardize her insurance license if PLAINTIFF were caught filling out these rate manipulated quotes to procure business, only to raise customer's

6

rates by 15% on renewal because the customer did not obtain a homeowner's policy. DURAY's unlawful policy held the customer hostage unless the customer purchased additional business coverage.

39. For review training on or about April 25, 2022, PLAINTIFF was to call a homeowner and review their changes requested. Again, PLAINTIFF challenged DURAY on his unlawful business practices.

40. In order to obtain an accurate Estimated Replacement Cost ("ERC") to have a transparent and truthful conversation with the insured, PLAINTIFF created the ERC for the customer policy that had only the ERC from the policy origination date. The updated ERC after made and if used to create permanent change or added to the policy as a permanent document is a document that must be delivered to the customer, who verifies that the features of their home are properly recorded in the policy.

41. PLAINTIFF ran the new ERC and explained to DURAY how PLAINTIFF would review the ERC and deliver the ERC to the customer. DURAY instructed PLAINTIFF not to deliver the ERC to the customer.

42. PLAINTIFF challenged DURAY and told PLAINTIFF that delivering the ERC to the customer was mandatory. DURAY insisted that PLAINTIFF was incorrect and again instructed PLAINTIFF not to deliver the ERC to anyone ever.

43. Due to the ongoing hostile work environment brought about by the highly offensive sexually themes and DURAY's illegal policies and practices, the work environment became truly intolerable and PLAINTIFF was compelled to resign her employment on or about April 25, 2022.

## JURISDICTION AND VENUE

44. This court is the proper court for the filing of this action. PLAINTIFF's employment with DEFENDANT EMPLOYER was in the county of Tehama, California, State of California.

7

45.  PLAINTIFF suffered damages as a result of the conduct alleged herein in excess of this court's jurisdictional minimum in an amount subject to proof at trial.

## ADMINISTRATIVE EXHAUSTION

46.  PLAINTIFF timely filed a complaint against DEFENDANT EMPLOYER with the California Civil Rights Department ("CCRD") containing the allegations herein expressed. PLAINTIFF timely exhausted her administrative remedies with the CCRD prior to filing this complaint with respect to the conduct alleged herein.

47.  The CCRD issued to PLAINTIFF a right to sue notice dated January 16, 2023, a copy of which is attached hereto as Exhibit "A."  This action is timely commenced within one year from the date of that notice.

## FIRST CAUSE OF ACTION FIRST CAUSE OF ACTION

## CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants)

48.  Each and every allegation set forth in paragraphs 1 to 47 above, is hereby realleged and incorporated by reference as if fully set forth herein.

49. PLAINTIFF is informed and believes and thereon alleges that DEFENDANT EMPLOYER constructively discharged PLAINTIFF for refusing to violate state and federal law in violation of the well-established, substantial, and fundamental public policies of this state found in the following laws:

a. Labor Code §1102.5 which prohibits an employer from retaliating against an employee for refusing to participate in an activity that would result in a violation of state or federal statute;

b. Labor Code §1102.5(c) which prohibits an employer from retaliating against an employee for refusing to participate in an activity that would result in a violation of state or federal statute;

8

c. At all times mentioned herein, Government Code sections 12940, subdivision (a), was in full force and effect and binding on DEFENDANT EMPLOYER. California's Fair Employment and Housing Act, Government Code section 12940 et seq. (the "FEHA") prohibits an employer, because of an employee's gender to discriminate against a person in the terms, conditions, or privileges of employment.

d. Labor Code §98.6 which prohibits an employer from discriminating, retaliating, or taking any adverse action against any employee in his employment because the employee or applicant engaged in any conduct delineated;

e. Labor Code §2856 which provides that an employee shall substantially comply with all the directions of his employer concerning the service on which he is engaged, except where such obedience is impossible or unlawful, or would impose new and unreasonable burdens upon the employee;

f. Civil Code §§ 1572 and 1573 which impose liability for actual and constructive fraud;

g. Civil Code §§ 1709 and 1710 which impose liability upon one for deceit by one who willfully deceives another with intent to enter into a contract;

h. Business and Professions Code §17200 which prohibits unfair, unlawful or fraudulent business practices;

i. California Government Code §12965(b) which provides for an award of attorneys' fees and costs associated with PLAINTIFF's prosecution of the causes of action under California Government Code §12900 et seq.;

j. California Labor Code 1102.5 which provides for an award of attorneys' fees and; and

k. All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated.

71. DEFENDANT EMPLOYER intentionally created and knowingly permitted the

9

COMPLAINT FOR DAMAGES

1   discriminatory, retaliatory, and otherwise unlawful working conditions herein alleged.

2       72.  As an actual and proximate result of DEFENDANT EMPLOYER's aforementioned

3   willful, knowing and intentional discrimination and retaliation against PLAINTIFF by

4   constructively discharging PLAINTIFF due to PLAINTIFF's unwillingness to engage in

5   fraudulent and deceptive business practices, PLAINTIFF has suffered and continues to suffer

6   harm, including, without limitation, loss of employment, lost earnings, and other employment

7   benefits, in an amount in excess of this court's jurisdictional limits and subject to proof at trial.

8

9       73.  The aforementioned wrongful conduct of DEFENDANTS were done with oppression,

10  fraud, or malice, or with a conscious disregard of PLAINTIFF's rights under, among other

11  aforementioned laws and the Labor Code entitling PLAINTIFF to an award of punitive damages

12  to punish and deter DEFENDANT EMPLOYER from engaging in the aforementioned conduct.

13

14      74.  PLAINTIFF is informed and believes and thereon alleges that at all times relevant

15  herein, DEFENDANT EMPLOYER's managing agents, officers, or directors, including without

16  limitation ratified or authorized the aforementioned wrongful conduct, and were themselves

17  guilty of oppression, fraud, or malice toward PLAINTIFF or guilty of acting in conscious

18  disregard of PLAINTIFF's legal rights.

19

20

21                          **SECOND CAUSE OF ACTION**

22                              **SEXUAL HARASSMENT**

23                              **(Against All Defendants)**

24      137.  PLAINTIFF re-alleges and incorporates by reference each and every allegation set

25  forth in paragraphs 1 to 136 above, as though fully set forth herein.

26      138. DURAY engaged in a pattern and practice of sexually harassing PLAINTIFF in

27  violation of California Government Code 12940 and 12940(j)(1). Such conduct included making

28                                  10

inappropriate, unwelcomed comments in PLAINTIFF's presence regarding sex and gender as set forth in the preceding paragraphs.

139.  DEFENDANT EMPLOYER failed to exercise reasonable care to prevent and promptly correct DURAY's inappropriate conduct.

140.  As an actual and proximate result of the aforementioned harassing and discriminatory conduct by DEFENDANT EMPLOYER and DURAY, PLAINTIFF has suffered and continues to suffer harm, including, without limitation, lost earnings and other employment benefits, humiliation, embarrassment, physical harm, and mental anguish, all to her damage in an amount in excess of this court's jurisdictional limits and subject to proof at trial.

141.  DEFENDANT EMPLOYER and DURAY committed the acts alleged herein maliciously, fraudulently, and oppressively, in bad faith, with the wrongful intention of injuring PLAINTIFF, from an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF's rights. PLAINTIFF thus is entitled to recover punitive damages from DEFENDANT EMPLOYER and DURAY in an amount according to proof.

142.  As a result of DURAY's harassment and DEFENDANT EMPLOYER's failure to act to remediate or prevent harassment as alleged herein, PLAINTIFF has no plain, adequate or complete remedy at law and defendants continue to engage in said alleged wrongful practices. Therefore, PLAINTIFF requests that in addition to being made whole and afforded all benefits attendant thereto that would have been afforded PLAINTIFF but for said discrimination and harassment, that defendants, their agents, successors, employees and those acting in concert with them be enjoined permanently from engaging in each of the unlawful practices, policies, usages and customs set forth herein, and that they be required to develop posting policies, grievance procedures and training regarding sexual harassment.

143.  As a result of DEFENDANT EMPLOYER and DURAY's discriminatory and

11

harassing conduct as alleged herein, PLAINTIFF is entitled to reasonable attorney fees and costs of suit provide by California Government Code 12965(b).

### THIRD CAUSE OF ACTION

### DISCRIMINATION BASED UPON GENDER AND HOSTILE

### WORK ENVIRONMENT IN VIOLATION OF FEHA

### [Govt Code §12940]

### (Against Defendant Employer and all Doe Defendants)

199.  PLAINTIFF hereby incorporates and re-alleges the allegations set forth in Paragraphs 1 through 198 above as though fully stated herein.

200. PLAINTIFF was subjected to sexual harassment, profanity, lewdness based upon PLAINTIFF's gender.

205. DEFENDANT EMPLOYER's wrongful conduct proximately caused PLAINTIFF to suffer general, special and statutory damages in an amount to be proven.  PLAINTIFF has been required to hire an attorney and is entitled to recover reasonable attorney fees.

### FOURTH CAUSE OF ACTION

### HARASSMENT BASED ON GENDER AND HOSTILE

### WORK ENVIRONMENT IN VIOLATION OF FEHA

### [Govt. Code § 12940(j)]

### (Against All Defendants)

206.  PLAINTIFF realleges and incorporates by reference each and every allegation set forth in paragraphs 1 to 205 above, as though fully set forth herein.

207.  At all times mentioned herein, Government Code sections 12940, subdivision (a) and (l) was in full force and effect and binding on DEFENDANT EMPLOYER.

12

208.  PLAINTIFF was subjected to sexual harassment, profanity, lewdness based upon PLAINTIFF's gender.

214.  DEFENDANT EMPLOYER's conduct, as alleged hereinabove, constitutes gender harassment under the FEHA, including Government Code section 12940, subdivision (a), and (l).

215. DEFENDANT EMPLOYER subjected PLAINTIFF to adverse employment actions in violation of the FEHA including, but without limitation by harassing, discriminating and retaliating against PLAINTIFF due to PLAINTIFF's gender.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION**

**(Govt. Code §12940(k))**

**(Against Defendant Employer and All Doe Defendants)**

160. Each and every allegation set forth in paragraphs 1 to 159, above, is hereby realleged and incorporated by reference as if fully set forth herein.

161. At all times mentioned herein, Government Code section 12940, subdivision (k) was in full force and effect and binding on DEFENDANT EMPLOYER making it an unlawful employment practice "[f]or an employer . . . to fail to take all reasonable steps necessary to prevent discrimination . . . from occurring." (Govt. Code, § 12940, subd. (k)).

162. At the time of her constructive discharge, DEFENDANT EMPLOYER knew or should have known that DURAY had been sexually harassing PLAINTIFF. Despite such knowledge, DEFENDANT EMPLOYER failed to act promptly or to reasonably investigate, control, correct, educate, train, discipline, or otherwise prevent the termination of employees, like

13

PLAINTIFF, who sustain injuries.

163. As an actual and proximate result of DEFENDANT EMPLOYER's aforementioned failure to prevent discrimination and harassment, PLAINTIFF has suffered and continues to suffer harm, including lost earnings and other employment benefits, humiliation, embarrassment, physical harm, and mental anguish, all to his damage in an amount in excess of this court's jurisdictional limits and subject to proof at trial.

164. The aforementioned discriminatory conduct of DEFENDANTS herein were done with oppression, fraud, or malice, or with a conscious disregard of PLAINTIFF's rights to be free from discrimination in employment, justifying an award of punitive damages by way of example, punishment, and deterrence.

165. As an actual and proximate result of the aforementioned acts and omissions by DEFENDANT EMPLOYER and DURAY, PLAINTIFF has been compelled to retain the services of counsel to protect and enforce her rights and, therefore, has and will incur attorneys' fees, legal expenses, expert fees, and costs for which PLAINTIFF is entitled to reimbursement pursuant to Government Code section 12965, subdivision (b) in an amount according to proof.


**SIXTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE §1102.5**

**(Against Defendant Employer and all Doe Defendants)**

100. Each and every allegation set forth in paragraphs 1 to 99, above, is hereby realleged and incorporated by reference as if fully set forth herein.

101. PLAINTIFF hereby brings this cause of action under California Labor Code §1102.5 which prohibits an employer from retaliating against an employee for refusing to participate in an activity that would result in a violation of a state or federal statute, or a violation or

14

1  noncompliance with a state or federal rule or regulation.

2     102.  In response to PLAINTIFF's complaints that DEFENDANT EMPLOYER was

3  engaging in fraudulent and deceptive business practices designed to mislead DEFENDANT

4  EMPLOYER's customers/clients as described above, DEFENDANT EMPLOYER retaliated

5  against PLAINTIFF by creating a hostile working environment and demanding that PLAINTIFF

6  

7  participate in DEFENDANT EMPLOYER's scheme to defraud customers.

8     103.  Labor Code §1102.6 provides that once it has been demonstrated by a

9  preponderance of the evidence that an activity proscribed by §1102.5 was a contributing factor in

10  the alleged prohibited action against the employee, the employer shall have the burden of proof to

11  demonstrate by clear and convincing evidence that the alleged action would have occurred for

12  legitimate, independent reasons even if the employee had not engaged in activities protected by

13  §1102.5.

14  

15     104.  As a direct, foreseeable and proximate result of the actions of DEFENDANT

16  EMPLOYER as described in this cause of action, PLAINTIFF has suffered and continues to

17  suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other

18  employment benefits he would have received from DEFENDANT EMPLOYER plus expenses

19  incurred in obtaining substitute employment and not being regularly employed for months, as

20  well as financial losses, all to the PLAINTIFF's damages, in a sum that exceeds the minimum

21  jurisdiction of this court, to be ascertained according to proof.

22  

23     105.  PLAINTIFF is informed, believes, and based thereon alleges that the outrageous and

24  despicable conduct of DEFENDANT EMPLOYER described above in this cause of action was

25  done with oppression, fraud or malice by the DEFENDANT EMPLOYER and the officers,

26  directors, and/or managing agents and employees of the DEFENDANT EMPLOYER.  These

27  unlawful acts were further ratified by defendants' agents and employees of the DEFENDANT

28  

15

EMPLOYER and done with conscious disregard for the PLAINTIFF's rights and with the intent, design and purpose of injuring the PLAINTIFF. By reason, thereof, the PLAINTIFF is entitled to punitive or exemplary damages against DEFENDANT EMPLOYER, for the act as described in this cause of action in a sum to be determined at the time of trial.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF UNFAIR BUSINESS PRACTICES ACT

**(Against All Defendants)**

96. Each and every allegation set forth in paragraphs 1 to 95 above, is hereby realleged and incorporated by reference as if fully set forth herein.

97. DEFENDANT EMPLOYER has engaged and continues to engage in unfair business practices in California by engaging in fraudulent and unlawful practices consisting of sexually harassing its employees, creating a hostile work environment, violating insurance laws and engaging in various unlawful conduct.

99. The foregoing conduct by DEFENDANT EMPLOYER is "unlawful, unfair and fraudulent," within the meaning of Business and Professions Code section 17200 et seq.

100. PLAINTIFF seeks on his own behalf, on behalf of those similarly situated, and on behalf of the general public, full restitution and disgorgement of all employment compensation wrongfully withheld, as necessary and according to proof, to restore any and all monies withheld, acquired, or converted by DEFENDANT EMPLOYER by means of the unfair and unlawful business practices complained of herein. The restitution and disgorgement requested includes all wages earned and unpaid, or otherwise promised as a term of employment, including interest thereon.

101. The wrongful conduct of DEFENDANT EMPLOYER, as heretofore alleged, unless restrained and enjoined by an order of this court, has and will continue to cause great and

16

irreparable harm to PLAINTIFF and employees similarly situated, in that DEFENDANT EMPLOYER will continue to violate the rights of its employees with impunity, and continue to engage in conduct prohibited by Business and Professions Code section 17200 et seq.  There is no adequate remedy at law to prevent this abuse.

102.  Further, PLAINTIFF seeks an order requiring DEFENDANT EMPLOYER to: (1) make restitution and disgorge all employment compensation wrongfully withheld, as necessary and according to proof, to restore any and all monies withheld, acquired, or converted by DEFENDANT EMPLOYER by means of the unfair and unlawful business practices complained of herein.

## EIGHTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (Against All Defendants)

103.  Each and every allegation set forth in paragraphs 1 to 102, above, is hereby realleged and incorporated by reference as if fully set forth herein.

104.  DEFENDANT EMPLOYER subjected PLAINTIFF to unlawful working conditions by terminating PLAINTIFF for opposing DEFNDANT EMPLOYER's attempts to engage in fraudulent and deceptive business practices as set forth above.

105.  DEFENDANT EMPLOYER's conduct was outrageous and unprivileged and done with the intention to cause, and in reckless disregard of the probability of causing, PLAINTIFF emotional distress.

106.  As an actual and proximate result of DEFENDANT EMPLOYER's outrageous and unprivileged conduct set for, PLAINTIFF has suffered, and continues to suffer, severe emotional distress.

107. As a result of DEFENDANT EMPLOYER's intentional infliction of emotional

17

distress, PLAINTIFF has suffered consequential damages in an amount according to proof for lost past and future wages, out of pocket expenses, lost employment benefits, diminished employability, and emotional distress damages.

108.  The aforementioned wrongful conduct of DEFENDANT EMPLOYER was done with oppression, fraud, or malice, or with a conscious disregard of PLAINTIFF's rights to be free from discrimination and retaliation in employment justifying an award of punitive damages by way of example, punishment, and deterrence.

109.  PLAINTIFF is informed and believes and thereon alleges that at all times relevant herein, DEFENDANT EMPLOYER's managing agents, officers, or directors, ratified or authorized the aforementioned wrongful conduct, and were themselves guilty of oppression, fraud, or malice toward PLAINTIFF or guilty of acting in conscious disregard of PLAINTIFF's rights under the law.

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

WHEREFORE, PLAINTIFF prays for the following relief, to be determined by a jury, as follows:

1.  For general damages, including back pay, front pay, and other monetary relief, in an amount according to proof, but in excess of the minimum jurisdiction of this court;

2.  For special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate PLAINTIFF for loss of past and future earnings, and all damages flowing from the PLAINTIFF's loss of earnings, loss of job security, failure to properly advance within PLAINTIFF's career, and emotional injury;

3.  For mental and emotional distress;

4.  For prejudgment interest on all monetary damages to the extent allowed by law;

6.  For an order declaring unlawful DEFENDANT EMPLOYER's practice of retaliating against employees who refuse to violate laws prohibiting engaging in fraudulent business practices;

7.  For penalties pursuant to Labor Code 1102.5;

8.  For exemplary and punitive damages, as allowed by law, in an amount to be ascertained, according to proof, that will sufficiently punish DEFENDANT EMPLOYER, make an example of it, and deter future conduct;

9.  For attorney fees allowable pursuant to Labor Code §12965(b) and Civil Code §1102.5;

10.  For costs of suit and disbursements incurred; and

11.  For such other and further relief as the Court deems just and proper.

Dated: 11/8/2023

VOGEL LAW, APC

Brian I. Vogel, Attorneys
for Plaintiff, TESSA CHANDLER

19

COMPLAINT FOR DAMAGES

EXHIBIT "A"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

## Civil Rights Department

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

January 16, 2023

Brian Vogel
572 E. Green St., Suite #305
Pasadena, CA 91101

RE:  **Notice to Complainant's Attorney**
     CRD Matter Number: 202301-19414717
     Right to Sue: Chandler / Duray Insurance and Financial Services, Inc. et al.

Dear Brian Vogel:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 12/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency            GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

January 16, 2023

RE:  **Notice of Filing of Discrimination Complaint**
     CRD Matter Number: 202301-19414717
     Right to Sue: Chandler / Duray Insurance and Financial Services, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD)) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 12/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                                          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

January 16, 2023

Tessa Chandler

,

RE:  **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202301-19414717
       Right to Sue: Chandler / Duray Insurance and Financial Services, Inc. et al.

Dear Tessa Chandler:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective January 16, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 12/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
CRD Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Civil Rights Department

CRD - ENF 80 RS (Revised 12/22)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
Civil Rights Department
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Tessa Chandler                                       CRD No. 202301-19414717

                              Complainant,

vs.

Duray Insurance and Financial Services, Inc.
,

Tim Duray
,

                              Respondents

---

1. Respondent **Duray Insurance and Financial Services, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Tim Duray** individual as Co-Respondent(s).

3. Complainant **Tessa Chandler**, resides in the City of , State of .

4. Complainant alleges that on or about **April 25, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, sexual harassment-hostile environment.

**Complainant was discriminated against** because of complainant's sex/gender, sexual harassment- hostile environment and as a result of the discrimination was forced to quit.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was forced to quit.

**Additional Complaint Details:**

-1-
*Complaint – CRD No. 202301-19414717*

Date Filed: January 16, 2023

CRD-ENF 80 RS (Revised 12/22)

1  VERIFICATION

2  I, **Brian Vogel**, am the **Attorney** in the above-entitled complaint. I have read the
3  foregoing complaint and know the contents thereof. The matters alleged are based
   on information and belief, which I believe to be true.
4
   On January 16, 2023, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                                    **Pasadena, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                         -2-
                              *Complaint – CRD No. 202301-19414717*
27
   Date Filed: January 16, 2023
28
                                                        CRD-ENF 80 RS (Revised 12/22)